**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LIBBY PIECHOWICZ, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00049<br><br>**Judge John J. Tharp, Jr.**<br><br>**Magistrate Judge David Weisman** |

**MOTION TO TRANSFER VENUE**

NOW COMES the Plaintiff, LIBBY PIECHOWICZ, by and through her attorneys, DONIGER / BURROUGHS, and pursuant to 28 U.S.C. § 1404, brings forth her Motion to Transfer Venue and further states as follows:

**INTRODUCTION**

1. On January 2, 2024, Plaintiff filed her Complaint in the United States District Court for the Northern District of Illinois, Eastern Division.

2. On February 23, 2024, Plaintiff filed her First Amended Complaint in the United States District Court for the Northern District of Illinois, Eastern Division.

3. Plaintiff's First Amended Complaint alleges willful copyright infringement by e-commerce store operators ("Defendants") operating fully interactive commercial websites and online marketplaces under seller aliases.

4. The Defendants listed in the Schedule A to complaint, upon information and belief, reside primarily in foreign jurisdictions, and conduct business throughout the United States.

5. Plaintiff filed her complaint in Illinois believing that Defendants possessed personal contacts with Illinois, which discovery would reveal.

6. However, Plaintiff currently has evidence of Defendants' purposefully directed activities establishing personal jurisdiction in the United States, and specifically the Southern District of New York, thus Plaintiff seeks to transfer this matter's venue to the Southern District of New York.

## JURISDICTION

7. A motion to transfer venue is governed by 28 U.S.C. § 1391 and 28 U.S.C. § 1404.

8. 28 U.S.C. § 1401(a) permits a district court to transfer a matter's venue to any other district court where such matter may have been brought initially.

9. 28 U.S.C. § 1391(f)(1) combined with 1391(b)(2) permit civil actions to be brought against foreign entities in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Foreign entities are able sued in judicial districts they are subject to personal jurisdiction to.

## ARGUMENT

10. Plaintiff seeks to transfer this matter to the New York Southern District Court as proper venue for this action for the convenience of parties and witnesses to this action.

11. Pursuant to 28 U.S.C. 1404(a) and 28 U.S.C. 1391(b)(2), New York is the proper district where this matter may have originally been filed in.

12. It is clear that the Defendants have purposefully availed themselves to New York law, based on them conducting business throughout the United States, including New York, and availing themselves to New York commercial laws.

13. In addition, substantial portions of the events giving rise to this claim occurred in New York.

14. There is limited prejudice to Defendants in litigating this matter in New York.

WHEREFORE, Plaintiff requests that this Honorable Court grant Plaintiff's Motion to Transfer Venue and enter an order transferring this matter to New York Southern District Court, or any other relief that this Court deems equitable and just.

DATED: March 12, 2024 	Respectfully submitted,

*/s/ Mackenzie Paladino*
Mackenzie Paladino, Esq. (Bar No. 6342560)
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
mpaladino@donigerlawfirm.com
(310) 590-1820
*Attorney for Plaintiff*